# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID B. TURNER, JR., <br><br>   Plaintiff, <br>  v. <br> MORGAN AND MORGAN, <br><br>   Defendant. | CASE NO. 15cv2264 WQH (JMA) <br><br> ORDER |

HAYES, Judge:

The matter before the Court is Plaintiff David B. Turner, Jr.'s Motion for Leave to Proceed In Forma Pauperis. (ECF No. 2).

On October 9, 2015, Plaintiff, proceeding pro se, initiated this action by filing a Complaint. (ECF No. 1). On October 9, 2015, Plaintiff also filed the Motion to Proceed In Forma Pauperis ("IFP"). (ECF No. 2).

## II.     Motion to Proceed IFP

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $400.00. *See* 28 U.S.C. § 1914(a); S.D. Cal. Civ. L.R. 4.5. An action may proceed despite a party's failure to pay only if the party is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).

In his affidavit accompanying the Motion to Proceed IFP, Plaintiff states that he

is unemployed and his only form of income is GR benefits. (ECF No. 2 at 2-3). Plaintiff states that he does not have a checking or savings account, does not own an automobile, and does not own any other significant assets. *Id.*

The Court has reviewed the affidavit and finds that it is sufficient to show that Plaintiff is unable to pay the fees or post securities required to maintain this action. The Court grants the Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a).

## II.  Initial Screening of Complaint

A complaint filed by any person proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(a) is also subject to mandatory review and sua sponte dismissal to the extent it "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). The standard used to evaluate whether a complaint states a claim is a liberal one, particularly when the action has been filed pro se. *See Estelle v. Gamble*, 429 U.S. 97, 97 (1976). However, even a "liberal interpretation ... may not supply elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "[P]ro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Federal Rule of Civil Procedure 8 provides that "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Plaintiff named Morgan and Morgan as defendants. (ECF No. 1 at 1). The Complaint alleges that

> Morgan and Morgan presented David B. Turner Jr. with a chance to have an attorney represent him only for Social Security Disability claims, that were never presented to help Turner. Turner has been cheated and falsely represented by Morgan and Morgan. Turner has ongoing medical and

1
2
3
4
5
6
7

> mental health problems that have been misrepresented by Morgan and Morgan. Turner is requesting monetary compensation for breach of contract, false representation and conspiracy to mislead a person with mental and social disabilities in the amount of $77,000,000.00, for these of many misleading acts that Morgan and Morgan have injured David B Turner Jr. with mental distress and ongoing legal precasdanations [sic], conflict of interest, racism, 6th amendment and all other rights that have been violations of trust contracts or understanding arguments . . . . Turner need all compensation for all unfairly way and claims made against ATandT. This has been a test of time that Turner has been charged more than he alrightly [sic] paid for. Turner prays for all compensation to be granted, for breach of contract with 4th amendment violations.

8  *Id.* at 1-2.

9 These allegations are insufficient to put Defendants on notice of the claims
10 against it, as required by Rule 8 of the Federal Rules of Civil Procedure. All allegations
11 in the Complaint are vague, conclusory, or both. *See Twombly*, 550 U.S. at 555 n.3
12 ("Rule 8(a)(2) .... requires a 'showing,' rather than a blanket assertion, of entitlement
13 to relief. Without some factual allegation in the complaint, it is hard to see how a
14 claimant could satisfy the requirement of providing not only 'fair notice' of the claim,
15 but also 'grounds' on which the claim rests."). Plaintiff's Complaint does not identify
16 the Defendants or the circumstances in which they "cheated and falsely represented"
17 Plaintiff or conspired to mislead him. Plaintiff does not allege any facts about the
18 contract that he alleges was breached. The Complaint does not allege any facts to
19 identify the violators of Plaintiff's Fourth and Sixth Amendment rights or the violations
20 of his Fourth and Sixth Amendment rights.

21 The Court concludes that the Complaint must be dismissed because it fails to
22 state a claim on which relief can be granted. The Complaint is dismissed pursuant to 28
23 U.S.C. § 1915(e)(2)(B)(I).

24 ///
25 ///
26 ///
27 ///
28 ///

### III. Conclusion

IT IS HEREBY ORDERED that the Motion to Proceed IFP (ECF No. 2) is granted. The Complaint (ECF No. 1) is dismissed without prejudice. No later than thirty (30) days from the date of this Order, Plaintiff may file an amended complaint, which shall be entitled, "First Amended Complaint," and which shall comply with the Federal Rules of Civil Procedure. If Plaintiff does not file a first amended complaint within thirty days, the Clerk of the Court shall close the case.

DATED: November 6, 2015

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge